UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELVIN M. GOLDMAN                         CIVIL ACTION NO. 05-0466-P

versus                                    JUDGE HICKS

RICHARD STALDER, ET AL.                   MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Melvin Goldman ("Plaintiff") is an inmate housed at the David Wade Correctional Center. He filed this civil rights action alleging violations of his rights to due process in connection with disciplinary proceedings. Defendants have filed a Motion for Summary Judgment (Doc. 18) on the grounds that Plaintiff has not properly exhausted his administrative remedies before he filed this action. It is recommended, for the reasons that follow, that this civil action be dismissed but on grounds different from those urged in the motion.

**Relevant Facts**

Plaintiff alleges that he was incarcerated at the Ouachita Parish Correctional Center when he was issued three rule violation reports within a four-day period. Plaintiff was immediately placed in lockdown after incurring a charge of inciting a riot. Plaintiff was transferred to David Wade the next day for a disciplinary hearing.

Plaintiff alleges that he made numerous motions, requested to call witnesses, requested production of video surveillance tape of the incident, and challenged the venue of the hearing. The disciplinary board denied all of the requests.

The board found Plaintiff guilty as charged on all three reports and sentenced him to forfeiture of 180 days of good time credits and extended lockdown. Plaintiff appealed, and Deputy Warden Goodwin ruled that two of the charges would be dismissed and expunged from Plaintiff's record due to technical reasons. Goodwin determined that the contents of the report that gave rise to the third charge, disobedience, more appropriately described a violation of the rule against defiance. Goodwin remanded the case for hearing on a defiance charge.

Plaintiff appealed to the next level. That appeal was rejected because Plaintiff did not then have a sentence to appeal.

Plaintiff appeared before a different disciplinary board on the defiance charge. Plaintiff again moved to call witnesses, requested to view videotape, and made other challenges, all of which were denied. The board convicted Plaintiff and again imposed a sentence of forfeiture of 180 days of good time and extended lockdown.

Plaintiff appealed. Warden Michael and, later, Secretary Stalder, denied the appeal. Plaintiff filed a suit for judicial review in the state court in Baton Rouge. Plaintiff alleges that the state district court ordered that the board's decision be reversed and vacated. Plaintiff, thus, did not lose any good time credits. He complains, however, that he was

detained in lockdown status for more than one year during these proceedings. He alleges that he remained in his two-man cell 23 hours a day, which caused his body to deteriorate and caused anxiety and depression.

**Analysis**

Plaintiff has exhausted his available remedies with respect to the *disciplinary* proceedings and has been granted all relief that could be afforded within the disciplinary matter. Defendants contend that Plaintiff must also have exhausted his remedies under the prison's *administrative* remedy procedure before he could file this action. Movants point out that there are separate plans that detail the procedures to govern administrative grievances and disciplinary matters.

The court has noted in another case that difficult issues arise with respect to exhaustion and timeliness when Section 1983 claims are based on events that occurred during a David Wade disciplinary proceeding. See Samuels v. Hammond, 02 CV 2395, Doc. 84. That is because the David Wade administrative grievance process includes a screening at the first step, and a ground for rejection is when there are "specialized administrative remedy procedures in place for this specific type of complaint, such as: Disciplinary Matters ... ." The time limit for filing the grievance, especially when Heck issues are considered, is also an uncertain issue. Samuels, supra. The court need not grapple with those issues in this case because Plaintiff has not presented a constitutional violation.

The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law. Plaintiff's complaint contends that he was deprived of his liberty without due process. Loss of good time credits, which extends the duration of confinement in prison, is a loss of liberty that requires due process. Teague v. Quarterman, __ F.3d __, 2007 WL 841600 (5th Cir. 2007). But Plaintiff had all of his good time credits restored, and nothing that occurred in the disciplinary proceedings at issue extended the duration of his confinement beyond what it would have been had the hearings never been held. Plaintiff was not initially successful, but the State of Louisiana ultimately afforded him due process by granting him complete relief during the state-court proceedings.

Plaintiff also attempts to base a due process claim on his allegation that he was held in disciplinary extended lockdown for approximately one year during the disciplinary proceedings. Plaintiff alleges that he was housed with another inmate in an approximately sixty-four square foot cell. He was allowed out of the cell for one hour per day, but he was not allowed outdoor exercise. The question presented is whether these alleged facts give rise to a liberty interest in the convicted prisoner context.

The Supreme Court recognized in Sandin v. Conner, 115 S.Ct. 2293 (1995) that: "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Id. at 2301. The prisoner in Sandin alleged that he was denied due process when he was sentenced to thirty days of disciplinary segregation in a single-person cell with limited privileges. The Court held that

the Due Process Clause did not afford the inmate a protected liberty interest that would entitle him to procedural protections during his hearing. The housing that the inmate was subjected to as a result of his misconduct was within the range of confinement to be normally expected for one serving a sentence of thirty years to life. The confinement did not present an "atypical, significant deprivation" that would receive due process protection.

The Fifth Circuit noted after <u>Sandin</u> that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status." <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995). The Fifth Circuit has also observed that liberty interest will generally be limited to matters that "affect the quantity of time rather than the quality of time served by a prisoner." <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997). Based on those principles, it has been held that placement in extended lockdown, without a loss of good time, is not an atypical, significant deprivation that triggers due process protections. <u>See</u> <u>Donaldson v. Ducote</u>, 112 Fed. Appx. 329 (5th Cir. 2004) (transfer from trusty status to lockdown not protected); <u>Toppins v. Day</u>, 73 Fed. Appx. 84, *6 (5th Cir. 2003) (placement in extended lockdown not protected) and <u>Hill v. Stalder</u>, 2006 WL 2193774 (W. D. La. 2006) (placement on extended lockdown, when 180 days of forfeited good time was restored on appeal, did not implicate due process concerns). Plaintiff was confined for one year in a two-

man cell and was allowed one hour per day outside his cell (but not outdoors) for exercise.[1] That is not atypical of what one might expect to see as a housing arrangement for a convict in a state or federal prison. Accordingly, Plaintiff's complaint does not trigger due process concerns.

The undersigned has relied on both the allegations in Plaintiff's complaint and materials submitted by the movants, but the recommended reason for dismissal is different from the exhaustion grounds urged in the motion. This is, in effect, a *sua sponte* recommendation of dismissal. The court may take such action so long as the procedure employed is fair. This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Accordingly,

---

[1] An inability to engage in physical exercise, if it extends for a sufficient time, may violate the Eighth Amendment if the deprivation amounts to deliberate indifference by prison officials to a substantial risk of serious harm. Neither the Supreme Court nor the Fifth Circuit have specifically held that prisoners enjoy an absolute right to *outdoor* exercise. The Fifth Circuit has held that deprivation of exercise is not automatically a constitutional violation, but confinement for long periods of time without *any* exercise may constitute cruel and unusual punishment. Green v. Ferrell, 801 F.2d 765, 771-72 (5th Cir. 1986); Maze v. Hargett, 200 F.3d 814 (5th Cir. 1999) (unpublished). The relevant factors in determining an inmate's need for regular exercise are the size of his cell, the amount of time the inmate spends locked in his cell each day, and the overall duration of confinement. Id. Plaintiff's cell was allegedly small, but his one hour per day opportunity for exercise outside the cell during his one year of detention is adequate to pass constitutional muster.

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 18)** be granted and that Plaintiff's civil action be **dismissed with prejudice.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 2nd day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE